■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RODRIGUEZ, Appellant. [672 NYS2d 693] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 3, 1995, convicting defendant, upon his plea of guilty, of the crimes of robbery in the first degree (7 counts), robbery in the second degree (6 counts), burglary in the first degree (6 counts), burglary in the second degree (4 counts), assault in the second degree (2 counts), and endangering the welfare of a child (2 counts), and sentencing him to concurrent terms of 12 to 24 years on each conviction of robbery in the first degree, 8 to 24 years for each conviction of burglary in the first degree, 5 to 15 years for each conviction of robbery in the second degree, 5 to 15 years for each conviction of burglary in the second degree, $2^{1}/_{3}$ to 7 years for each conviction of assault in the second degree, and 1 year for each conviction of endangering the welfare of a child, unanimously modified, on the law, by reducing the minimum term of imprisonment imposed on the conviction of robbery in the first degree premised upon the violation of Penal Law § 160.15 (3) from 12 years to 8 years, and otherwise affirmed.

As the People concede it was improper to impose a minimum term of imprisonment of one-half the maximum term for one count, the conviction of robbery in the first degree premised upon Penal Law § 160.15 (3), under the law as it existed at the time the crime was committed and we modify the sentence accordingly.

Defendant's valid waiver of his right to appeal precludes discretionary review of his sentence. In any event, we perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Mazzarelli, JJ.